UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WILLIAM F. DYE,

Plaintiff,

v.

PETE BJURSTROM,
E. ROBERT ELKINS, and
JEFFREY L. PETERSON,

Defendants.

CIVIL NO. 00-1397 (JRT/JMM)

REPORT AND RECOMMENDATION

The above matter has been referred to the undersigned by District Judge John R. Tunheim for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B). Upon the following Findings of Fact/Report, it is recommended that Plaintiff's Complaint [Docket No. 1] be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**FINDINGS OF FACT/REPORT**

Plaintiff attempted to serve Defendants in this case by sending each of them a copy of the Summons and Complaint by certified mail. Service by certified mail is not sufficient to meet the requirements of Minnesota law. Gulley v. Mayo Foundation, 886 F.2d 161 (8th Cir. 1989). By Order filed September 11, 2000, and mailed to Plaintiff on that same date, the Court ordered Plaintiff to make effective service of the Summons and Complaint on each Defendant on or before October 13, 2000, failing which we would recommend that the Complaint be dismissed without prejudice. [Docket No. 5].

Plaintiff has failed to comply with the Order dated September 11, 2000. Plaintiff's action should be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

FILED OCT 25 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Rule 41(b) provides: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). In Brown v. Frey, 806 F.2d 801 (8th Cir. 1986), the Eighth Circuit held that:

> A district court has the power under Fed. R. Civ. P. 41(b) to dismiss an action for a plaintiff's failure to comply with any court order and, unless otherwise specified, such a dismissal operates as an adjudication on the merits. A court may so dismiss on its own initiative. See, e.g., Haley v. Kansas City Star, 761 F.2d 489, 490 (8th Cir. 1985). At the same time, however, "[d]ismissal with prejudice under [Rule] 41(b) is a drastic sanction which should be exercised sparingly." Pardee v. Stock, 712 F.2d 1290, 1292 (8th Cir. 1983). The district court's exercise of this power is within the "permissible range of its discretion" if there has been "a clear record of delay or contumacious conduct by the plaintiff." Haley v. Kansas City Star, 761 F.2d at 491 (citations omitted).

Brown, 806 F.2d at 803-04.

This Court duly advised Plaintiff of his responsibilities in its Order dated September 11, 2000, yet Plaintiff has failed to properly serve Defendants. Consistent with the purpose of Rule 41(b) in preventing undue delay and avoiding congestion of the Court's docket calendar, Plaintiff's Complaint should therefore be dismissed without prejudice.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that Plaintiff's Complaint [Docket No. 1] be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Dated: October 25, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **November 9, 2000** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.